UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 24-cv-60365-MIDDLEBROOKS

HOWARD MICHAEL CAPLAN,

    Plaintiff,

v.

SUNRISE ANIMAL HOSPITAL, LLC, a
Florida Limited Liability Company,

    Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION
## FOR DEFAULT FINAL JUDGMENT

THIS MATTER is before the Court upon the Plaintiff's Motion for Entry of Default Final Judgment for ADA Discrimination/Architectural Barriers (hereinafter, the "Motion"), filed January 17, 2025. (DE 21). This suit was initially filed on March 4, 2024. (DE 1). The Defendant, SUNRISE ANIMAL HOSPITAL, LLC, was served through the Secretary of the State pursuant to Chapter 48.062 Florida Statutes on June 27, 2024. (DE 16). The Defendant has since failed to file any responsive pleading with the Court, and accordingly the Clerk entered a Clerk's Default on December 30, 2024. (DE 19).

After careful consideration of the Motion, the affidavits and the report filed in support of the Motion, and the pertinent portions of the record and taking the allegations of the Complaint (DE 1) as admitted, the Court will enter a Final Default Judgment against the Defendant.[1] Accordingly, the Court hereby finds:

---

[1] I note here that because Defendant has not appeared in this suit, it is unclear, based on the allegations whether it is the lessee, the lessor, the operator, and/or the owner of the property that is the source of the ADA violation. Plaintiff has alleged that Defendant is "the lessee and/or operator of the Real Property (DE 1 at ¶ 5), and that Defendant is "also the owner and lessor of the Real Property where the Subject Facility is located and therefore held accountable for the violations of the ADA in the Subject Facility which is the matter of this suit." (*Id.*). To the extent Defendant "owns, leases, or operates a place of public accommodation" and can

Because of the default, the Defendant has admitted the well-pled allegations of the Complaint. *Cotton v. Mass. Mutual Life Inc. Co.*, 402 F3d 1267, 1277-78 (11th Cir. 2005) (citations omitted).

A plaintiff alleging Title III ADA discrimination must allege that (1) he is a disabled individual; (2) the defendant owns, leases, or operates a place of public accommodation; and (3) the defendant discriminated against the plaintiff within the meaning of the ADA. *Norkunas v. Seahorse NB, LLC*, 444 Fed. Appx. 412, 416 (11th Cir. 2011) (citing 42 U.S.C. 12182(a)).

Plaintiff properly alleged that he suffers from a qualified disability and requires the use of a mobility aid (DE 1 at ¶ 3); has pled that Defendant owns, leases and/or operates a place of public accommodation (DE 1 at ¶ 5, ¶ 10); has listed various physical barriers that preclude or limit his ability to access the full and equal enjoyment of Defendant's property (DE 1 at ¶ 15); alleged that the Defendant discriminated against him [DE 1 at ¶ 13 and ¶ 15); and alleged that the removal of the barriers at the property is readily achievable (DE 1 at ¶ 11 and ¶ 17). Plaintiff also alleged that he intends to return to Defendants' facility within the next six months to avail himself of the goods and services made available at the facility and to determine whether the facility has become ADA compliant. (DE 1 at ¶13).

Furthermore, even in a default judgment setting, injunctive relief is available. *Abercrombie & Fitch Trading Co. v. Abercrombieclassic.com*, No. 15-62579, 2016 WL 3369529 (S.D. Fla. Apr. 12, 2016). *See Jackson v. Sturkie*, 255 F. Supp. 2d 1096, 1103 (N.D. Cal. 2003) ("[D]efendant's lack of participation in this litigation has given the court no assurance that defendant's infringing activity will cease. Therefore, plaintiff is entitled to permanent injunctive relief.")

---

actually fix the property at issue, this default final judgment shall apply to it. *See Norkunas v. Seahorse NB, LLC*, 444 Fed. Appx. 412, 416 (11th Cir. 2011) (stating that a plaintiff alleging a Title III ADA discrimination claim must allege and prove that the defendants own, lease, or operate a place of public accommodation).

Therefore, it is hereby:

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Entry of Default Final Judgment (DE 21) is **GRANTED** as follows:

1. Final Default Judgment is hereby entered in favor of Plaintiff and against the Defendant SUNRISE ANIMAL HOSPITAL, LLC;

2. Plaintiff is entitled to reasonable attorney's fees and costs pursuant to 42 U.S.C. §12205 and 12217, upon proper motion. Such motion **SHALL BE FILED on or by February 6, 2025**;

3. The Court hereby orders the Defendant to remove the following discriminatory ADA violations existing at the Subject Facility within one hundred twenty (120) days of the date of this Order:

   a) The parking facility in front of the business does not provide a compliant accessible parking space. 2012 ADA Standards 502.1.

   b) The parking facility does not have the minimum number of compliant accessible parking spaces required. 2012 ADA Standards 208.2.

   c) The customer parking facility located in front of main entrance to the business has five (5) marked standard spaces and zero (0) accessible parking spaces. One (1) compliant accessible parking space with adjacent access aisle is required. 2012 ADA Standards 208.2

   d) There is one (1) non-compliant accessible parking space located in the adjacent property parking lot. 2012 ADA Standards 502.2.

   e) The access aisle is non-compliant. The access aisle is too steep. Access aisles are required to be nearly level in all directions to provide a surface for wheelchair transfer to and from vehicles. The exception allows sufficient slope for drainage. 2012 ADA Standards 502.4.

f) Access aisles must extend the full length of the parking spaces they serve. 2012 ADA Standards 502.3.2.

g) The accessible parking space sign is missing required verbiage. Each accessible parking space must be posted with a permanent above-grade sign of a color and design approved by the Department of Transportation, which is placed on or at least 60 inches above the finished floor or ground surface measured to the bottom of the sign and which bears the international symbol of accessibility and the caption "PARKING BY ACCESSIBLE PERMIT ONLY" and must indicate the penalty for illegal use of the space. 2012 ADA Standards 502.6.

h) The accessible parking space is not located closest to the main customer entrance. Parking spaces that serve a particular building or facility must be located on the shortest accessible route from parking to an accessible main entrance. 2012 ADA Standards 208.3.1

i) The parking facility does not provide compliant directional and informational signage to a compliant accessible parking space. 2012 ADA Standards 216.5.

j) There is no compliant access aisle attached to an accessible route serving any existing parking space which would allow safe entrance or exit of vehicle for accessible persons requiring mobility devices. 2012 ADA Standards 502.2.

k) There is currently no existing accessible route to help persons with disabilities safely maneuver through the parking facility as required in 2012 ADA Standards 502.3

l) Existing facility does not provide a compliant accessible route to the main entrance from any site arrival point. 2012 ADA Standards 206.2, 208, 401.1, 502.

m) The main building entrance is non-compliant. There is a non-compliant change in level (6-inch step) at the customer entrance door threshold. Having one step at the entrance

4

can prevent access by a person using a wheelchair, walker, or cane and can make entry difficult for many other people with mobility disabilities. 2010 ADA Standards 303.1.

n) The main entrance door has non-compliant thumb latch-type door hardware. Operable parts must be operable with one hand and not require tight grasping, pinching, or twisting of the wrist. 2012 ADA Standards 309.4.

o) The facility does not provide compliant directional and informational signage to an accessible route which would lead to an accessible entrance. Where not all entrances comply, compliant entrances must be identified by the International Symbol of Accessibility. Directional signs that indicate the location of the nearest compliant entrance must be provided at entrances that do not comply. 2012 ADA Standards 216.6.

**SIGNED** in Chambers at West Palm Beach, Florida, this 23 day of January, 2025.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc: All parties of record