UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-60365-MIDDLEBROOKS

HOWARD MICHAEL CAPLAN,

    Plaintiff,

v.

SUNRISE ANIMAL HOSPITAL, LLC, a
FLORIDA LIMITED LIABILITY
COMPANY,

    Defendants.
_____/

## ORDER GRANTING IN PART PLAINTIFF'S VERIFIED
## MOTION FOR ATTORNEYS' FEES

THIS CAUSE came before the Court on the Plaintiff's Verified Application for Attorneys' Fees and Expert Fees, filed February 6, 2025. (DE 25). No notice of opposition has been filed on the docket as Defendant did not appear to defend itself in this case, which is grounds to grant the Motion by default pursuant to Local Rule 7.1(c).

This was an action for injunctive relief under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, et seq. (DE 1). I granted Plaintiff's Motion for Final Default Judgment against Defendant on January 23, 2025. (DE 22). Because Plaintiff is the prevailing party in this matter, Plaintiff can recover his reasonable attorneys' fees and costs associated with this matter and has requested the same. *See* 42 U.S.C. § 12205. Plaintiff seeks an award of $14,757.50, representing $11,757.50 in attorneys' fees and $3000.00 in legal costs.

An award of attorneys' fees and costs comes at the Court's discretion. *See id.* In support of his claimed attorneys' fees, Plaintiff submits an exhibit detailing the time that his attorneys and their paralegals spent throughout the case. Plaintiff's table indicates that the two attorneys

1

for Plaintiff spent 20.7 hours, the paralegal spent 3.9 hours, and the legal assistant spent 2.1 hours on this matter. This amounts to charges of $550.00/hour for the work of partner Ronald Stern (18.1 hours), $350.00/hour for the work of (former) associate Ronnette Gleizer (2.6 hours of work), $175.00/hour for paralegal Muminat Kerimova (3.9 hours), and $100.00/hour for the legal assistant Gemma Rovshan.

A reasonable attorneys' fee award "is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Blum v. Stenson*, 465 U.S. 886, 888 (1984). The fee applicant bears the burden of documenting "the appropriate hours and hourly rates." *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). The product of these two figures is the lodestar and there is a "strong presumption" that the lodestar is the reasonable sum the attorney deserves. *See Pennsylvania v. Del. Valley Citizen's Council for Clean Air*, 478 U.S. 546, 565-66 (1986). After calculating the lodestar, the court determines whether any portion of this fee should be adjusted upwards or downwards for results obtained. *Norman*, 836 F.2d at 1302.

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. *Id.* at 1299 (citing *Blum*, 465 U.S. at 895-96 n.11). In determining what constitutes a reasonable hourly rate, the court may consider multiple factors described in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

A court must further look to the "billing judgment" of the attorney and exclude "excessive, redundant, or unnecessary hours" when evaluating the hours reasonably worked. *Norman*, 836 F.2d at 1301 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434, 437 (1983)) (internal quotations omitted). When a district court finds the number of hours claimed is unreasonably

high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut. *See Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994). Importantly, "[t]he court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303 (citations and internal quotations omitted).

Due to my familiarity with the market rate in South Florida, I will note that the hourly rate seems reasonable. Plaintiff supports such hourly rates by noting that lead counsel has been practicing since 2005 in Florida and that his former co-counsel Ms. Glezier has been admitted to practice in Florida since 2011. He adds that his counsel has specialized in ADA litigation. Moreover, Plaintiff's counsel describes the qualifications of his paralegal who has a master's degree and has worked with the firm for seven years.

Upon examining the time expended litigating this case, however, I find that a lower fee award is appropriate. Plaintiff's counsel seeks $11,757.50 in attorneys' fees, yet Defendant never appeared in the case, and there was no substantive motion practice involved, aside from moving for final default judgment. Accordingly, the requested fees will be reduced. Rather than issuing a line-by-line analysis here, I will employ an across the board cut. I find that $7,500 constitutes a reasonable attorney's fee award in this matter.

With regard to the ADA consultant charge, a prevailing plaintiff may recover expert fees as a litigation expense. *See e.g., H.C. v. Bradshaw*, 426 F.Supp.3d 1266, 1286 (S.D. Fla. 2019); *Hansen v. Deercreek Plaza, LLC*, 420 F.Supp.2d 1346, 1353 (S.D. Fla. 2006) (citing *Lovell v. Chandler*, 303 F.3d 1039, 1058 (9th Cir. 2002)). Plaintiff seeks a total of $3000 in costs for its ADA consultant expert. This charge consists of a $2500 flat fee for an ADA expert, and a $500

re-inspection fee of the premises that are the subject of this lawsuit. (DE 25-1 at 4). Plaintiff states that the $500.00 "re-inspection fee for the expert's re-inspection contemplated after Defendant completes remediation of the existing barriers to access, to confirm that the ADA violations have been corrected. Re-inspection fees have been awarded in civil rights cases in order to monitor compliance with the court order." (DE 25 at 10-11). Here, Defendant never appeared to defend itself and presumably will not complete remediation of the existing barriers to access and so I do not agree that this fee should be recoverable.

Furthermore, I note that Plaintiff did not submit an affidavit of this retained expert detailing the expert's qualifications, nor does he include the compiled expert report outlining all of Defendant's ADA violations. Despite these omissions, I do account for the fact that Plaintiff's Motion for Default Judgment and Complaint outline specific ADA violations that exist on the Defendants' premises. Thus, while I recognize that Plaintiff did retain and utilize an expert, I decline to award Plaintiff the full expert fee he seeks, as I do not perceive the full amount to be justified on these facts. Accordingly, I will grant Plaintiff an expert fee cost of $1000 less than the amount requested: $1500.

Accordingly, it is **ORDERED and ADJUDGED** that Plaintiff's Verified Application for Attorneys' Fees, Costs, and Expert Fees (DE 25) is **GRANTED IN PART.** I will award Plaintiff $7,500 in attorneys' fees and $1,500 in costs.

**SIGNED** in Chambers, in West Palm Beach, Florida, this 12 day of February, 2025.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record

Sunrise Animal Hospital, LLC
1190 Sunset Strip
Sunrise, FL 33313